**Leonard EPPS**

v.

**UNITED STATES of America.**

Civ. No. Y–89–808.
Crim. No. Y–85–0547.

United States District Court,
D. Maryland.

Jan. 5, 1990.

Leonard Epps, pro se.

Charles P. Scheeler, Asst. U.S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, Senior District Judge.

Pending before the Court is the *pro se* motion of Leonard Epps, a prisoner at the Lewisburg Federal Prison, Lewisburg, Pennsylvania, seeking a new trial or in the alternative a post-trial hearing on prosecutorial misconduct.

Leonard Epps was convicted on September 26, 1986, on charges of conspiracy to violate civil rights and related charges arising out of the September 2, 1985, shooting death of a government informant named William Player. Upon the jury's verdict convicting Epps on all counts of the Indictment, Epps and a co-defendant, Maurice Proctor, timely moved for a new trial based upon alleged newly discovered evidence. An evidentiary hearing was held on November 13, 1986 at which time Petitioner was afforded an opportunity to present testimony in support of the new trial motion. At the close of the hearing, the Court denied the motion, stating its reasons in open court. *See* Transcript, Crim. Case No. Y–85–0547, Vol XI, at 132–135.

The instant motion raises issues which are substantially the same as those previously considered by this Court at the November 13, 1986 new trial hearing. These issues include allegations that the government knowingly used false evidence at trial and that the arrest and conviction were not supported by credible evidence. Although phrased in terms of prosecutorial misconduct, the allegations are essentially the same as those previously raised by Petitioner in the original joint new trial motion; during appeal to the Fourth Circuit, Case No. 86–5683 856 F.2d 187 (August 26, 1988); and as part of Petitioner's pending Motion under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence filed with this Court on March 20, 1989.

Rule 33 of the Federal Rules of Criminal Procedure prescribes both the substantive and procedural requirements for the granting of a new trial motion. Under Rule 33, the Court may grant a new trial "if required in the interest of justice". However, "a motion for a new trial based on newly discovered evidence may be made only before or within two years after final judgment". A motion for new trial based on any other grounds shall be made within seven (7) days after verdict or within such further time as the court may fix during the 7–day period.

The instant motion was filed on May 8, 1989, more than two (2) years subsequent to the September 26, 1986 verdict of guilty against the Petitioner. One new trial motion has been fully heard and decided by this Court. The issues presented in this motion have either been previously determined or are currently being considered pursuant to Petitioner's motion under 28 U.S.C. § 2255. Petitioner has been afforded a full and fair opportunity to present his arguments and any newly discovered evidence. Public policy favors the finality of judgments rendered upon a full litigation of the merits, and this policy is inherent in the procedural time limitations of Rule 33. The motion will be denied.

Accordingly it is, this 5th day of January 1990, by the United States District Court of the District of Maryland ORDERED:

1. That the defendant's motion for a new trial, or a post-trial hearing, BE, and the same IS, hereby DENIED.